# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:99-cr-0023

ANTHONY THOMAS FOYE,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant's original Presentence Investigation Report attributed to him 206.18 grams of cocaine base. His original offense conduct resulted in a base offense level of 34, and a criminal history category of III. This Defendant received a two-level increase for obstruction of justice. No other enhancements or reductions were applied. His original guideline range was 235 to 293 months. On June 17, 2008, as a result of the 2007 United States Sentencing Guideline amendment, Defendant's base offense level was reduced by two levels, resulting in a new total offense level of 34. His corresponding guideline range became 188 to 235 months. His previous sentence was reduced to 188 months, with credit for time served.

During his period of incarceration since that time, the Court observes that Defendant has been sanctioned for refusing to obey an order, being insolent to staff and assaulting without serious injury (two counts.) He has completed his inmate financial responsibility program requirements and has complied with the DNA collection program.

By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 32. Given this total offense level and his criminal history category of three, Defendant's new advisory guideline range becomes 151 to 188 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 151 months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)©. Lastly, the Court **ORDERS** that the Defendant shall reside at a Community Correctional Center, as deemed appropriate by the United States Probation Office, for a period of ninety (90) days upon his release from incarceration,

as a modification of his conditions of supervised release.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: November 21, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA